02-10-057-CV















 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO.  02-10-00057-CV

 

 


 
 
 In the Matter of K.G.
 
 
  
 
 
  
 
 
 
 
  
  
  
 
 
 
 
  
 
 
  
 
 
  
 
 


 

 

------------

 

FROM THE
323rd District Court OF Tarrant
COUNTY

------------

MEMORANDUM
OPINION[1]

----------

This
is a juvenile case in which the State alleged that Appellant K.G., a ten-year-old
minor, engaged in one count of delinquent conduct.  An adjudication hearing was held before the trial
court, and the trial court adjudged K.G. delinquent.  After a disposition hearing before the trial
court, the trial court signed an order of no disposition on February 17, 2010.

In
his first issue, K.G. contends that he is entitled to a new trial under rule of
appellate procedure 34.6(f) because significant portions of the electronically
recorded proceedings are inaudible through no fault of his own.[2]  See
Tex. R. App. P. 34.6(f).  In an
affidavit, the court reporter advised this court that the proceedings in this
case were recorded electronically, that the audiotape was changed during the
first witness’s testimony, and that the replacement tape—spanning the rest of
the first witness’s testimony and the remainder of the proceedings—was “of such
low volume that, although some sound could be heard, words and even speakers
were not distinguishable.”

Rule
34.6(f) of the rules of appellate procedure states:

Reporter’s Record
Lost or Destroyed.
 An appellant is entitled to a new trial
under the following circumstances:

 

(1) if the appellant has timely requested a reporter’s record;

 

(2) if, without the
appellant’s fault, a significant exhibit or a significant portion of the court
reporter’s notes and records has been lost or destroyed or—if the proceedings
were electronically recorded—a significant portion of the recording has been
lost or destroyed or is inaudible;

 

(3) if the lost, destroyed, or inaudible portion of the reporter’s
record, or the lost or destroyed exhibit, is necessary to the appeal’s
resolution; and

 

(4) if the lost,
destroyed or inaudible portion of the reporter’s record cannot be replaced by
agreement of the parties, or the lost or destroyed exhibit cannot be replaced
either by agreement of the parties or with a copy determined by the trial court
to accurately duplicate with reasonable certainty the original exhibit.

 

Tex.
R. App. P. 34.6(f). 
In his brief, K.G. has established each of rule 34.6’s
requirements.  Indeed, the State concedes
error concerning K.G.’s first issue and agrees that K.G. is entitled to a new trial.  We therefore sustain K.G.’s first issue, and
we reverse the trial court’s judgment and remand this case for a new trial.

 

 

PER CURIAM

 

PANEL:  GARDNER, MEIER, and
GABRIEL, JJ.

 

DELIVERED:  December 9, 2010











[1]See Tex. R. App. P. 47.4.





[2]In his second and
third issues, K.G. argues that the evidence is legally and factually
insufficient to support the adjudication. 
In light of our disposition of K.G.’s first issue, we do not reach his
second or third issue.  See Tex. R. App. P. 47.1.  Appellant does not seek rendition for legal
insufficiency and concedes that this court cannot conduct a meaningful review
of the sufficiency issues on the record before us.  The State agrees that K.G. does not seek any
remedy in his second and third issues that is not already achieved by sustaining
his first issue.